UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TIMOTHY ROACH                                                                   PLAINTIFF

VS.                                                    CIVIL ACTION NO.: 3:07cv198-DPJ-JCS

LEPHER JENKINS, WARDEN                                                   DEFENDANT

ORDER

This habeas petition is before the Court on the Report and Recommendation of Magistrate Judge James C. Sumner. Judge Sumner considered the petition, response, rebuttal, and state court record, and concluded that the habeas relief be denied and the petition be dismissed with prejudice. The Court, having fully considered the premises, adopts the Report and Recommendation.

**I.    Procedural History**

As stated more fully in the Report and Recommendation, Roach was arrested for burglary in November 1998, indicted in April 1999, and tried in October 2000. His petition asserts three grounds for relief: (1) a speedy trial violation; (2) various acts of prosecutorial misconduct and discovery violations; and (3) a defective indictment.

**II.    Analysis**

As stated by the magistrate judge, Roach's claims are subject to the standard of review found in 28 U.S.C. § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this standard, the magistrate judge rejected each of Roach's claims. Roach has now filed an objection to the Report and Recommendation that contests some, but not all, of the magistrate judge's findings. Those findings not addressed in Roach's objection were correctly decided and are hereby adopted.

### A. Speedy Trial

Like the trial judge, Judge Sumner reviewed the speedy trial claim in light of the following four-factor test found in *Barker v. Wingo*: (1) the length of delay, (2) the reason for the delay, (3) the accused's assertion of his right to a speedy trial, and (4) the prejudice to the accused resulting from the delay. 407 U.S. 514, 530 (1972). And, like the State, Judge Sumner found that the length of delay created a rebuttable presumption of prejudice. Petitioner objects to the findings as to the final three *Barker* factors.

#### 1. Reason for Delay

Roach claims that the magistrate judge erred in evaluating the reason for delay when he cited a chronology of the procedural history prepared by the prosecutor rather than the official court docket. The chronology indicates that several trial settings were continued because Roach had fired his attorney and had not yet found new counsel. After he was represented, the chronology states that trial dates were lost due to conflicting trial settings.

If the Court were to ignore the chronology, the record would still support the trial court's finding that Petitioner was partially responsible for the delay. First, the court docket reflects the termination of counsel in July 1999, and the trial court was informed at the speedy trial hearing

(without contradiction) that Roach's trial counsel first made an appearance in February 2000. Second, the disputed chronology was first presented at a hearing before the trial judge who had handled the matter from its inception and was aware of the procedural history. In fact, during the motion hearing, the trial judge recounted Petitioner's prior appearances and the delays in finding counsel. Pet'r's Reply [15], Ex. 1 at 17-20. The trial court also confirmed that the state had attempted to set the case for trial on several occasions, but could not because Petitioner had not yet retained counsel, and that once counsel was obtained, several trial dates were lost "because this court was involved in other trials in other cases." *Id*. at 23. Thus, chronology aside, the trial court exhibited an independent recollection of the procedural history that was consistent with the prosecutor's representations. Based on that record, the trial court found the delay was partially Roach's fault.

On appeal, the Mississippi Court of Appeals agreed that "Roach's actions accounted for a substantial part of the delay." *Roach v. State*, 938 So. 2d 863, 868 (Miss. Ct. App. 2006). The court then observed that the post-representation delays due to the overcrowded docket "will not be weighed heavily against the State." *Id.* (citing *McGhee v. State*, 657 So. 2d 799, 802 (Miss. 1995)). These rulings were consistent with federal authority. *See Barker*, 407 U.S. at 531 (observing that "overcrowded courts" are a "more neutral reason" that "should be weighted less heavily but nevertheless should be considered"). *Davis v. Puckett*, 857 F.2d 1035, 1040–1041 (5th Cir. 1988) (holding in a similar case that petitioner may not complain of delay he caused and that overcrowding of docket is a more neutral factor). Thus, even without the chronology, Petitioner has not demonstrated unreasonable application of federal law or unreasonable determination of the facts as to this *Barker* factor. 28 U.S.C. § 2254(d)(1)(2).

2. Accused's Assertion of the Right

Roach next contends that he asserted his speedy trial rights through a June 2000 letter in which he requested a trial date. The trial court found that the only occasion upon which he asserted his speedy trial rights occurred the day before trial in the form of a motion to dismiss. Although the docket reflects "PRO SE REQUESTING TO BE PUT ON COURT DOCKET," the letter is not in the record and there is no indication that Roach actually invoked his speedy trial rights. Moreover, Roach's counsel twice informed the trial court that Petitioner had "not asserted his right to a speedy trial." Pet'r's Reply [15], Ex. 1 at 5; *see also id.* at 21. Nevertheless, even if the issue was not waived under § 2254(e)(2), and even if the State weighed this factor incorrectly, which is not apparent, the other *Barker* factors must be considered, and the ultimate ruling was not infirm under § 2254(d)(1)(2).

3. Prejudice

Roach claims that the Report and Recommendation incorrectly finds no showing of prejudice related to the delay. In particular, Roach claims that he was prejudiced by the extended pretrial incarceration and the staleness of the evidence. Several interests are addressed when considering prejudice, which include (1) preventing of oppressive pretrial incarceration; (2) minimizing anxiety and concern by the accused; and (3) limiting of the possibility that the delay will impair the accused's ability to defend against the charge. *Barker*, 407 U. S. at 532. The last is the most serious. *Id.*

Here, Roach's attorney presented the pretrial incarceration and anxiety issues to the court, but cited no other grounds for finding prejudice. Pet'r's Reply [15], Ex. 1 at 5. The trial court and the court of appeals both evaluated these factors in light of the absence of prejudice in

the preparation of a defense and concluded that Petitioner failed to demonstrate prejudice. The rulings were neither an unreasonable application of federal law nor an unreasonable determination of the facts.

Roach now claims that certain physical evidence was lost, including a television set that was allegedly taken from the victims' home and found in Petitioner's car. He also challenges the sufficiency of the police report. Again, it appears that the arguments were waived as they were not raised at the speedy trial hearing, and the appellate court noted that Petitioner failed to "provide any specific evidence concerning any anxiety he suffered or any specific injury to his ability to prepare his defense." *Roach*, 938 So. 2d at 869.

Even if the loss of evidence arguments were not waived, "where the government was reasonably diligent in its efforts to bring the defendant to trial, the defendant must show 'specific prejudice to his defense.'" *Robinson v. Whitley*, 2 F.3d 562, 570 (5th Cir. 1993) (citing *Doggett v. United States*, 505 U.S. 647, 656 (1992)). Here, the trial court expressly found that the prosecution did nothing to "instigate or facilitate a delay in this matter coming to trial." Pet'r's Reply [15], Ex. 1 at 24. The ruling was reasonable in light of the numerous attempts to obtain a setting. Thus, specific prejudice must be shown. *Robinson*, 2 F.3d at 570.

The lost physical evidence does not show specific prejudice. The Fifth Circuit Court of Appeals faced a similar question in *Robinson v. Whitley*, where a petitioner convicted of rape claimed that a delay in trial resulted in the loss of a rape kit and composite sketch of the assailant. *Id.* at 571. The court found that the allegation of prejudice was nothing more than "general allegations and speculation" in light of the strong evidence of guilt. *Id*. Here, an eye witness observed Roach leaving the victims' house with a television set in hand; he was almost

5

immediately apprehended; a television was found in the vehicle he was driving (and although the television was not available, a photograph of it was); and Roach had the victim's credit card in his shirt pocket. Given all of that, he has not demonstrated that the loss of the physical evidence prejudiced his defense. Finally, the alleged problems with the police report were subject to extensive examination at trial. Thus, even if the arguments were not waived, they are not sufficient.

The Court adopts Judge Sumner's finding that the State's rejection of Petitioner's speedy trial claim was neither an unreasonable application of federal law nor an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1)(2).

B. Prosecutorial Misconduct and Missing Police Reports

In general, Roach contends that the prosecutor altered the police report by striking through an item that turned out not to be stolen, and by inserting the word "recovered" next to the description of the stolen credit card. It appears that the prosecutor admitted this at trial and that the alteration was the subject of extensive examination. Petitioner further asserts that he was denied the original report. Neither Petitioner's response to the motion to dismiss nor his objection to the Report and Recommendation adequately demonstrates that he was denied a fair trial as result of the alteration. He has not met his burden under § 2254(d)(1) or (2), and the Court therefore adopts the Report and Recommendation as to these claims.

C. Additional Motions

Roach filed several motions after the Report and Recommendation was entered. First, he filed a Motion for Discovery and Inspection [30], which seeks the original police report. That motion is denied. Rule 6 of the Rules Governing Section 2254 Petitions allows discovery "for good cause." This would require showing that there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Murphy v. Johnson,* 205 F.3d 809, 814 (5th Cir. 2000) (citing *Gibbs v. Johnson*, 154 F.3d 253, 258 (5th Cir. 1998), *cert. denied*, 526 U. S. 1089 (1999)). "Additionally, a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6." *Id*.

Petitioner claims that the original police report should have been produced under *Brady v. Maryland* and that he is entitled to production of the original report in discovery. The essential elements of a *Brady* claim are: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defense; and (3) the evidence was material to either guilt or punishment. *See Blackmon v. Scott*, 22 F.3d 560, 564 (5th Cir. 1994). "Evidence is material when there is a reasonable probability that a different outcome would have resulted if the government had disclosed the evidence prior to trial." *Murphy*, 205 F.3d at 814 (citations omitted).

Here, it appears from the record that Petitioner examined witnesses regarding the alterations to the report, which were minor and admitted by the prosecution. Like the petitioner in *Murphy*, Roach has offered nothing more than speculation as to the elements of a *Brady* claim and has offered no proof that the information he seeks to discover "would be material to the

7

outcome." *Id*. at 814-15 (affirming denial of request to conduct discovery "because by failing to establish a prima facie *Brady* claim he has failed to show good cause for discovery"). Roach has not demonstrated good cause to open discovery, and he has not satisfied the requirements of § 2254(e)(2) for ordering an evidentiary hearing.

Roach also filed a Motion to Appoint Counsel [34]. The Court denies Petitioner's motion for court-appointed counsel because there is no right to counsel in petitions for habeas relief under § 2254 in non-capital cases. *McFarland v. Scott*, 512 U.S. 849, 857 n.3 (1994); *Callins v. Johnson*, 89 F.3d 210, 212 (5th Cir. 1996).

Finally, Roach filed a Motion to Remand [35] which asserts that his June 2000 letter asking for a trial date is in the possession of the circuit clerk and that the case should be remanded. Although it is difficult to tell, it appears that this is essentially a discovery request for which there is no "good cause" under Rule 6. As stated, even if the June 2000 letter raised Roach's speedy trial rights, it would not change the outcome of this case.

### III. Conclusion

The Court has considered but must reject the remaining arguments presented in Petitioner's objection and subsequent motions. Accordingly, the Report and Recommendation is adopted and the case is dismissed with prejudice. Petitioner's motions [30, 34, and 35] are denied. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 3th day of November, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE